(No. 80-CC-0909-)

PAUL A. REICHS and KATHLEEN J. REICHS, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1981.*

GREENE, JONES & BRISSKE, for Claimants.

TYRONE C. FAHNER, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim comes before the Court on a joint stipulation signed by the parties. The joint stipulation states as follows:

1. That the instant claim arose from an automobile accident on December 10, 1977, at Roosevelt Road near Nichol Way in the village of Glen Ellyn.

2. That Claimant Kathleen J. Reichs was a passenger in a 1977 Chevrolet being driven by Paul A. Reichs at the time and place in question.

3. That on the date in question, the roadway was covered with ice and snow, which obstructed all lane markings from view.

4. That the road shoulder to the right of Claimants' lane was in considerable disrepair and contained several long and deep ruts.

5. That Claimant was forced to move onto the defective shoulder by another automobile passing closely on the left.

6. That the accumulation of snow and ice prevented Claimant from seeing that he was moving onto the shoulder and prevented him from observing the defective condition of the shoulder.

7. That upon entering the shoulder, Claimant lost control of his vehicle and was caused to collide with another automobile.

8. That recovery is sought for damage to Claimants' automobile and for personal injuries received by Kathleen J. Reichs.

9. That Respondent concedes that it was negligent in failing to maintain the shoulder in a reasonable manner, and that its negligence was the proximate cause of the accident.

10. That both parties agree that an award of $4,000.00 would be a fair and reasonable compensation for both the property damage and personal injuries.

11. That Claimants agree to accept an award of $4,000.00 as full and final satisfaction of their claim, and agree that they will satisfy the subrogation rights of their insurance carrier (U.S.A.A. Insurance Co.) out of said award.

12. That both Claimants waive and relinquish any and all future claims against the State arising out this accident, and hereby release the State from further liability for said accident.

13. That both parties waive hearing and the submission of briefs.

14. That no other evidence will be presented to the Court.

Although the Court is not obligated to accept a stipulation such as this and grant an agreed award, it does not lack authority to do so if the terms of the stipulation appear to be fair and reasonable. It also has no desire to interpose a controversy between parties where none exists.

The recitation of agreed-upon facts in the above stipulation is reasonably thorough and affords a basis for granting an award based upon the negligence of the Respondent. The Court sees no grounds for questioning the accuracy of the above facts or the reasonableness of the agreed damages. Since both parties have had ample

time to investigate the incident, conduct discovery, and analyze their respective positions, we assume that the stipulation was entered into intelligently and with full knowledge of the facts and applicable law. We therefore accept the stipulation and approve the agreed award.

Claimants Paul A. Reichs and Kathleen J. Reichs are hereby awarded the sum of $4,000.00 (four thousand dollars and no cents) in full and final satisfaction of the instant claim.